IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-0105-KD-N |
| | ) | |
| CHERYL PRICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

This is an action collaterally challenging a state conviction[1] pursuant to 28 U.S.C. §2254. This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition of the issues in the petition. See 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 2254, Rule 8(b)(1) and Local Rule 72.2(c)(4). This matter presently is before the Court on petitioner's petition, (doc. 1) respondent's answer (doc.11)[2] and petitioner's response thereto (docs. 17, 21).[3]

I.   Procedural History

In his petition and the responses which follows, Green provides the following procedural history, which appear consistent with the portions of the state court record presented:

---

[1] Petitioner is challenging a municipal conviction from the Selma, Alabama Municipal Court.

[2] Respondent's answer was construed as motion to dismiss (doc. 20).

[3] The undersigned previously allowed petitioner an opportunity to respond (docs. 17 and 21) to Respondent's two arguments (doc. 11) for denial of the petition: failure to comply with the one-year statute of limitations, 28 U.S.C. §2244(d)(1), and the fact that Green was not "in custody" on that charge when he filed the petition.

Petitioner, Michael J. Green, was convicted in the Municipal Court of the City of Selma, Alabama, of one count of sexual abuse in the second degree, a Class A misdemeanor, on August 28, 2006.  Green was not incarcerated upon conviction for this offense; however, he was fined $300.00.  At the time of this conviction, Green was on probation for a prior conviction.  The municipal court misdemeanor conviction was the primary basis for the revocation of his prior probation, and his subsequent incarceration on the former charge.

Green did not file a direct appeal of his conviction.[4] Green alleges that he filed a state Rule 32 petition in the municipal court on May 11, 2007. (Doc. 1, pp. 4, 15) The municipal court denied the petition on December 14, 2007. (Doc. 12, Ex. C, p. 4)  Notice was sent to Green on February 19, 2008.  (Doc. 12, Ex. C, p. 4)

Green filed a "Motion for a Notice of Deficiency" in the Alabama Court of Criminal Appeals on April 22, 2008. (Doc. 12, Ex. C) In the motion, he asserted that he served the municipal clerk, Lois Williams, at 1300 Alabama Avenue, Selma, Alabama, 36702, with a timely notice of appeal to the denial of the Rule 32 petition, but that the clerk had failed to process the appeal. (Doc. 12. Ex. C, p. 1-2; Ex. J)[5]  The Court of Criminal Appeals treated the petition as a petition for writ of mandamus and transferred the petition to the presiding judge of the Circuit Court of Dallas County, which has supervisory authority over the municipal courts. (Doc. 12, Ex. D) The presiding judge denied the motion on July 8, 2008; that decision was filed on July 11, 2008, and notice was sent to Green on July 15, 2008. (Doc. 12, Ex. E)

Green filed a motion to dismiss the municipal conviction in Dallas County Circuit Court

---

[4]  Green maintains that the failure to do so was based on ineffective assistance of counsel.

[5]  The municipal clerk is a distinct entity from the clerk of the municipal court.

on June 17, 2008, and the motion was denied on August 1, 2008. (Doc. 12, Ex. F, G)

Green filed another mandamus petition with the Alabama Court of Criminal Appeals on July 22, 2008. (Doc. 12, Ex. H) He argued that the municipal clerk is not processing his appeal to the Rule 32 petition denying him access to the courts. (Doc. 12, Ex. H, p. 2-4)  The State responded on September 4, 2008, that Green was not entitled to mandamus relief, because he did not properly send his notice of appeal to the municipal clerk, but instead to the city clerk. (Doc. 12, Ex. I, p. 6-7) It also argued that Green, who was attempting to appeal his conviction directly to the Court of Criminal Appeals, was not entitled to do so, because he did not meet the proper requirements. (Doc. 12, Ex. I, p. 7-8) The Court of Criminal Appeals denied the petition on September 5, 2008. (Doc. 12, Ex. K)

Green filed a mandamus petition in the Supreme Court of Alabama challenging the denial of the mandamus petition filed in the Court of Criminal Appeals. (Doc. 12, Ex. J) The certificate of service was signed on September 19, 2008.  (Doc. 12, Ex. J, p. 3)  The Supreme Court of Alabama denied the mandamus petition on December 4, 2008. (Doc. 12, Ex. L).

Green filed the instant petition for habeas corpus relief on March 3, 2009 (doc. 1).   The government filed a response on moving for dismissal on the grounds, in sum,  that the petition is untimely and that petitioner has failed to meet the "in custody" requirement to confer subject matter jurisdiction over this matter.    Although petitioner had previously responded to the answer, the undersigned afforded petitioner an opportunity to address both the statute of limitations argument and the "in custody" requirement.  The motions have been fully briefed and are now ripe for the court's consideration.

*Analysis*

*AEDPA*

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).[6]

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). *See also* Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Laurence v. Florida, 549 U.S. 327, 336 (2007), *quoting* Pace v.

---

[6] No other starting date described in that statute appears to be applicable.

DiGuglielmo, 544 U.S. 408, 418 (2005); Holland, 539 F.3d at 1338.

The one year limitations period under AEDPA may be tolled if petitioner timely filed a Rule 32 petition since "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner filed his Rule 32 petition on May 11, 2007, and his conviction had become final either on September 12, 2006, or October 10, 2006[7]; thus, either 241 days or 213 days had elapsed between his conviction becoming final and the filing of his Rule 32 petition. The Rule 32 petition was denied on December 14, 2007, but the order was not filed until February 13, 2008.[8] Green thus had until February 27, 2008, to timely file his appeal denying his Rule 32 petition. He did not do so, and thus his one-year filing period began to run again on that date.

Petitioner's filing of untimely notices of appeal and of mandamus petitions and other procedural gambits did not further toll the period at issue. *See e.g.* Melson v. Allen, 548 F.3d 993, 998 (11th Cir. 2008) (unverified Rule 32 petition did not toll limitations); Watkins v. Daniel, Slip Copy, 2009 WL 4508542 (M.D.Ala. 2009) (mandamus does not toll limitations). The limitations period for filing his habeas motion continued to run from February 27, 2008, to

---

[7] Under Alabama law, appeals from the municipal court must be taken to the Circuit Court within 14 days of the judgment. See Ala.Code §12-14-70(c). Petitioner claims that he is entitled to have appealed to the Court of Criminal Appeals. This assertion is in error. Id. However, such details would not alter the determination of untimeliness.

[8] State law provides that the date of filing is the date which triggers the time for appeal. Ex parte Wright, 860 So. 2d 1253, 1254 (Ala. 2001). If petitioner can demonstrate that the date of his notice of the order, February 19, 2008, should have applied, he can extend the tolled period for another six days.

5

February 23, 2009, when he filed his petition in this court. The total non-tolled time between the final judgment of conviction and the date of filing was either 603 days or 575 days, depending on the type of direct appeal he was entitled to take from the conviction. Either figure is substantially in excess of the 365 days (one year) allowed by statute.

As discussed above, plaintiff's failure to file in this court within one year of his conviction becoming final has not been tolled by his mis-filed appeal or his mandamus petition trying to have his appeal heard. The Rule 32 petition tolled the time for filing, but only while it was pending. There was no timely appeal from the denial of that petition. And petitioner has not shown that he was precluded from filing the §2255 petition by any exceptional circumstances. His petition is therefor untimely.

In addition, the Eleventh Circuit may recognize an "actual innocence" exception to the AEDPA's one year statute of limitations.[9] It is certainly clear that several other circuits have recognized such an exception. *See e.g.* Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005)("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002)("[A]ctual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their

---

[9] *Cf.* Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); U.S. v. Montagno, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion." ), *citing* Bousley v. United States, 523 U.S. 614, 622 (1998).

merits, claims that would otherwise be procedurally barred."). However, "in order to demonstrate actual innocence in a post-conviction proceeding, a petitioner must first 'support his allegations of constitutional error with reliable **new evidence**–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–**that was not presented at trial**." Rankin v. Culliver, ___ F.3d ___, 2009 WL 577735, *6 (S. D. Ala. Mar. 5, 2009) (emphasis added), *quoting* Schlup v. Delo, 513 U.S. 298, 324 (1995)(1995). "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id., *quoting* Schlup, 513 U.S. at 327.

Plaintiff declares his innocence of the charges of which he stands convicted, but offers no new evidence in support of this contention. Petitioner's claim of actual innocence is deficient, and therefore provides no adequate basis for tolling the limitations period. Because the instant petition was filed well outside the one year limitations period, it is untimely.

*In Custody Requirement*

Even if the undersigned had not determined that Green's claim is time-barred and is not excused by equitable tolling, the record makes it likely that this Court would, nevertheless, lack jurisdiction to entertain Petitioner's claims because he was not "in custody" under the conviction or sentence at the time he filed his petition. [10] A habeas corpus petitioner meets the statutory "in custody" requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and

---

[10] Though the court has allowed petitioner to respond on this issue, the present state of the record leaves some questions concerning this issue. The court does not seek clarification or supplementation of the record on that issue, because it is without question that the petition is untimely.

demonstrably related to the conviction he attacks. 28 U.S.C. §§ 2241(d); 2254(a), (b), Sinclair v Blackburn, 599 F.2d 673 (5th Cir.1979), *cert. denied*, 444 U.S. 1023 (1980).  The law is well settled that a habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." Maleng v. Cook, 490 U.S. 488, 492 (1989). ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.") (emphasis in original); *accord* Jackson v. Sec'y for the Dep't of Corr., 206 Fed. Appx. 934, 935 (11th Cir.2006).

The record reflects that Green did not serve any period of incarceration for the misdemeanor conviction.  (Doc. 11, Ex. A, C) Despite this fact, Green may nevertheless meet the "in custody" requirement if he can show that the municipal conviction was used to enhance his current sentence.  *See* Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001); Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001) (**"**A petitioner is "in custody," however, when he is incarcerated under a current sentence that has been enhanced by an expired conviction.") (citations omitted).

While Respondent concedes (and the sentencing transcript reflects) that the municipal conviction was "considered" in revoking his probation, the record further reflects that there was testimony at the revocation proceeding that Green had violated *other* conditions of probation, and that the judge concluded that Green had "substantially failed to comply with the terms and conditions of probation." (Doc. 11, Ex. B) Green is presently in custody for violating the terms of his probation in the first degree felony conviction, not for the municipal conviction, and no

8

evidence has been presented that the municipal conviction was used to enhance his present sentence.  Further, there is no evidence that a ruling in his favor on the instant habeas motion would cause the state court judge to reverse his decision revoking petitioner's probation.  As such, it appears that the petitioner would not be found to be "in custody" on the conviction which he challenges in the instant habeas petition, regardless of any information which might be added to the record.   However, as discussed above, even were the court to find that petitioner was otherwise entitled to challenge his misdemeanor conviction under 28 U.S.C. §2254, that challenge clearly came too late.

## Conclusion

Based on the foregoing the undersigned finds that the petition is time barred.  Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations.  Further, because Green has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, it is the recommendation of the undersigned that his federal habeas petition should be dismissed.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 25th day of February, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE