IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-0105-KD-N |
| | ) | |
| CHERYL PRICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner has filed a Motion for Certificate of Appealability (doc. 27). His habeas petition was dismissed with prejudice as time-barred. The court also noted that, even were that not the case, he would likely not satisfy the "in custody" requirement.

Petitioner's Motion for Certificate of Appealability adds nothing substantive to his arguments on timeliness. The decision denying his petition was based on well-settled Circuit precedent, and is not the sort of dispute as to which reasonable jurists could differ. His efforts to pursue his Rule 32 petition in the state court–including a misfiled notice of appeal and a subsequent mandamus seeking to have it declared to have been timely filed and thereby have it heard–do not serve to toll the time for filing. "The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (Emphasis added); *see also* Melson v. Allen, 548 F.3d 993, 998 (11th Cir. 2008) (unverified Rule 32 petition did not toll limitations); Watkins v. Daniel, Slip Copy, 2009 WL 4508542 (M.D.Ala. 2009) (mandamus does not toll limitations). Further, his

efforts to pursue an appeal of the denial of his collateral attach were not prevented by government action.  To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Laurence v. Florida, 549 U.S. 327, 336 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Finally, his attempt to fit into a putative 'actual innocence' exception to the limitations period fails for lack of any newly discovered evidence.  Further, the Eleventh Circuit has never adopted such a rule.  *See* Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence.").

Accordingly, it is RECOMMENDED that petitioner's Motion for Certificate of Appealability be DENIED.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 5th day of April, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now **fourteen**] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required before the United States will pay the cost of the transcript.

             /s/   Katherine P. Nelson
             **UNITED STATES MAGISTRATE JUDGE**