IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL J. GREEN,           )
           )
    Petitioner,           )
           )
v.           )         CIVIL ACTION NO. 2:09-0105-KD-N
           )
CHERYL PRICE, et al.,           )
           )
    Respondents.           )

REPORT AND RECOMMENDATION

This matter is before the court on petitioner's Motion for Leave to Appeal In Forma Pauperis (doc. 31). This motion has been referred to the undersigned pursuant to 28 U.S.C. §636 for appropriate action.

On February 26, 2010, the undersigned entered a Report and Recommendation (doc. 22) on the merits of petitioner's 28 U.S.C. §2254 motion. After considering petitioner's objections (doc. 23), the District Judge entered an order adopting that report and recommendation, and dismissed the action as time-barred (docs. 24, 25).

On April 1, 2010, petitioner filed a Motion for Certificate of Appealability (doc. 27). The undersigned addressed that motion by Report and Recommendation (doc. 28), holding that petitioner was not entitled to a Certificate of Appealability because his claim was clearly time-barred, based on straightforward application of clear Circuit precedent as to which no reasonable jurist could differ. That Report and Recommendation has been adopted by the district court and the Certificate denied. (Doc. 34).

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R.App. P. 24(a)(3)(A);

Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective

concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United

Techs. Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be

judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith

when he seeks appellate review of any issue that is not frivolous").  An appeal filed *in forma*

*pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning

that the "factual allegations are clearly baseless or that the legal theories are indisputably

meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993).  For the reasons previously

stated in the Report and Recommendation denying the COA request, the petitioner's arguments

in favor of his Motion to Proceed on Appeal Without Prepayment of Fees do not satisfy the

applicable standard.  Petitioner's arguments on timeliness of his petition are without any basis in

fact, and the undersigned recommends that the court certify that his appeal from the denial of his

petition is not taken in good faith.

### Conclusion

Accordingly, the undersigned hereby RECOMMENDS that the petitioner's Motion for

Leave to Appeal Without Prepayment of Fees be DENIED, and that the court certify that his

appeal from the determination that his petition was untimely filed is not taken in good faith.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important

information on how to proceed.

DONE this the 26th day of May, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE