IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL J. GREEN                          :

       Petitioner,                       :

v.                                        :        CIVIL ACTION NO. 09-00105-KD-N

CHERYL PRICE, et al,                      :

       Respondents.                      :


REPORT AND RECOMMENDATION

This cause is before the Court pursuant to remand of the Eleventh Circuit Court of

Appeals.[1]  This action was again referred for report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.

Petitioner, Michael J. Green, not currently incarcerated [2], has petitioned this Court for federal

habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging the validity of a state court

---

[1]  Green v. Price, 439 Fed.Appx. 777, 781–82 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter).

[2] Petitioner was released from his custodial sentence on September 17, 2012, *see* doc. 62 at 2, after remand by the Court of Appeals.  In its order, the Court of Appeals addressed the issue of the "in custody" requirement, holding that Green's misdemeanor conviction was used to enhance the sentence imposed in his later felony conviction, and directing the court to consider his habeas challenge to the misdemeanor in relation to his custody on the 10-year sentence originally imposed in 2004.  Given the length and date of that initial sentence, the petitioner's recent release from physical custody does not appear to affect his "in custody" status.  *See* Jones v. Cunningham, 371 U.S. 236 (1963).

1

conviction.[3] (Doc. 1 at 2).  Following a careful review of the petition and record, the undersigned

finds that an evidentiary hearing is not warranted on the issues.[4]  See 28 U.S.C. § 2254(e)(2).

<u>FINDINGS OF FACT AND PROCEEDINGS</u>

The Eleventh Circuit Court of Appeals found the facts of this case to be as follows:

> In September 2004, Green was convicted of felony first degree
> sexual abuse in the Dallas County, Alabama Circuit Court.  Green
> received a ten-year suspended imprisonment sentence and a split
> sentence of three years' probation and eighteen months of weekend
> sanctions in the county jail.

---

[3] Petitioner is challenging a City of Selma, Alabama, municipal court conviction.

[4]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required."  <u>Kelley v. Secretary for Dep't of Corrs.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004).  The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in
> State court proceedings, the court shall not hold an evidentiary
> hearing on the claim unless the applicant shows that
>
> **(A)** the claim relies on
>
>> **(i)** a new rule of constitutional law, made retroactive to
>> cases on collateral review by the Supreme Court, that was
>> previously unavailable; or
>>
>> **(ii)** a factual predicate that could not have been previously
>> discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish
> by clear and convincing evidence that but for constitutional error,
> no reasonable factfinder would have found the applicant guilty of
> the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

On July 31, 2006, while Green was on probation for the 2004 sexual abuse conviction, City of Selma police officers responded to a report that Green was involved in an incident involving a child at a local service station.  Green was questioned, but not arrested.  The same day, the child's mother filed a criminal complaint in the Municipal Court of Selma charging Green with sexual misconduct in violation of Alabama Code § 13A-6-65.  The complaint alleged that Green, while standing at the cash register, lifted the child's dress and "felt on her bottom."

On August 14, 2006, the state probation officer filed a delinquency report with the Dallas County Circuit Court recommending revocation of Green's probation and reinstatement of the original suspended ten-year sentence for the 2004 sexual abuse conviction.  The recommendation was based on multiple alleged violations of the conditions of Green's probation, including his recent sexual misconduct charge.

On August 18, 2006, Green was arrested on the new sexual misconduct charge and pled not guilty.  On August 29, 2006, following a bench trial in Selma's Municipal Court, Green was convicted of misdemeanor sexual abuse in the second degree, in violation of Alabama Code § 13A-6-67(b) ("the misdemeanor conviction").  Green did not file a direct appeal of the misdemeanor conviction.

On September 21, 2006, the Dallas County Circuit Court held a probation revocation hearing on the 2004 felony sexual abuse conviction.  The state argued primarily that Green's 2006 misdemeanor conviction violated the conditions of Green's felony probation.  The state argued that this was Green's second sexual offense involving children, he "keeps molesting kids," and "[h]e needs to go to prison."

Green, through counsel, asserted that (1) the misdemeanor conviction resulted in a $300 fine that was satisfied by the ten days of time-served; (2) the misdemeanor conviction was improperly imposed because, inter alia, Green was not represented by counsel; and (3) Green had substantially complied with his probation conditions.  The state responded that Green was not entitled to counsel because no jail time was imposed.

3

During the revocation hearing, Green submitted copies of pay stubs as proof of employment and documentation showing that he had paid court costs, registered as a sex offender and completed his 300 hours of community service.  Green testified that (1) he missed one probation appointment, but served additional sanction jail time for that, and (2) he was slow to complete his community service hours because he maintained full-time employment and served jail time on the weekends.  As to his misdemeanor conviction, Green testified that he was originally charged with sexual misconduct, but the charge "was amended down to a misdemeanor."  Green said that he had pled not guilty to the misdemeanor charge because he was innocent and that he testified at the bench trial on his own behalf.  Green explained that he did not have counsel to advise him and that he did not appeal the misdemeanor conviction because he had already served the ten days in jail.

Green's state probation officer testified that Green had a history of noncompliance with the conditions of probation over the two years of probation, but admitted that Green's worst noncompliance was his new sexual abuse conviction.

The Circuit Court revoked Green's probation and ordered him to serve the original ten-year sentence for the 2004 felony sexual abuse conviction with credit for time served.  The Circuit Court found that Green had "substantially failed to comply with the terms and conditions of probation."  The Circuit Court stated that it was "seriously alarmed at the latest charges, particularly with the young lady in city court," noting that Green had minimized the offense by calling it a lesser offense, but "[i]t still means that you did, in fact, commit the charge."  Green did not file a direct appeal of the order revoking his probation and reinstating his ten-year sentence.

On September 24, 2007, Green filed a pro se petition for relief from the ten-year sentence, pursuant to Alabama Rule of Criminal Procedure 32. On November 6, 2007, the Circuit Court denied Green's Rule 32 petition.  The Circuit Court's order stated that Green's Rule 32 petition was denied based on findings "that the Petitioner received sufficient legal counsel," "that this court had proper jurisdiction of the matter," and "that the petitioner is not being held in custody in excess of his sentence."  On December 14, 2007, Green appealed to the Alabama Court of Criminal Appeals.

4

> The record does not reflect the disposition of Green's appeal or whether Green attempted to appeal to the Alabama Supreme Court.
>
> On February 23, 2009, while Green was still serving his reinstated ten-year sentence on the 2004 Circuit Court felony sexual abuse conviction, Green filed his pro se § 2254 petition attacking the 2006 misdemeanor conviction. Green's § 2254 petition alleged, inter alia, that (1) his 2006 misdemeanor conviction was invalid because he was denied the right to counsel and (2) the 2006 misdemeanor conviction was used to enhance his current, ten-year sentence on the felony conviction. According to Green's § 2254 petition, on May 10, 1997, Green filed a Rule 32 petition in the City of Selma's Municipal Court. The Municipal Court denied Green's Rule 32 petition.

Green v. Price, 439 Fed. Appx. 777, 779-80 (11th Cir. 2011) (footnotes omitted).

## PROCEDURAL HISTORY AS TO MISDEMEANOR RULE 32 PETITION

According to the record, as noted above, Petitioner filed his post-conviction Rule 32 as to the misdemeanor conviction on May 10, 2007. (Doc. 1 at 4). This petition was denied by the circuit court on December 14, 2007. (Doc. 12, Ex. C at 4). Petitioner received notice of the denial on February 19, 2008. (Id.). Petitioner next filed a "Motion for a Notice of Deficiency" in the Alabama Court of Criminal Appeals on April 22, 2008, asserting that he had served the municipal clerk, Lois Williams, with a timely notice of appeal to the denial of the Rule 32 petition, but that Ms. Williams had failed to process the appeal. (Doc. 12, Ex. C at 1-2; Ex. J). The Alabama Court of Criminal Appeals treated the motion as a petition for writ of mandamus and transferred it to the presiding judge of the Circuit Court of Dallas County, which has supervisory authority over the municipal courts. (Doc. 12, Ex. D). The circuit court presiding judge denied the motion on July 8, 2008. (Doc. 12, Ex. E). The denial was filed on July 11, 2008, and notice was sent to Petitioner on July 15, 2008. (Id.).

5

Petitioner filed a mandamus petition with the Alabama Court of Criminal Appeals on July 22, 2008, arguing that the municipal clerk was not processing his appeal to the Rule 32 petition and that this violated his due process rights, denying him access to the courts.  (Doc. 12, Ex. H).  The State responded on September 4, 2008, that Petitioner was not entitled to mandamus relief, because he did not properly send his notice of appeal to the municipal clerk, but instead to the city clerk.  (Doc. 12, Ex. I at 6-7).  The State also argued that Petitioner, who was attempting to appeal his conviction directly to the Alabama Court of Criminal Appeals, was not entitled to do so, because he did not meet the proper requirements.  (Id. at 7-8).  The Alabama Court of Criminal Appeals denied the petition on September 5, 2008.  (Doc. 12, Ex. K).

Petitioner next filed a mandamus petition in the Supreme Court of Alabama challenging the denial of the mandamus petition filed in the Alabama Court of Criminal Appeals.  (Doc. 12, Ex. J).  The certificate of service was signed on September 19, 2008, while the case was considered docketed by the Supreme Court on October 6, 2008.  (Doc. 12, Ex. J at 3; Ex. L).  The Alabama Supreme Court denied the mandamus petition on December 4, 2008.  (Doc. 12, Ex. L at 5).

PROCEDURAL HISTORY AS TO PAROLE REVOCATION RULE 32 PETITION

Petitioner's state court Rule 32 petition as to the parole revocation was denied by the Circuit Court on November 6, 2007.  (Doc. 12, Ex. A at 3, 40).  In that Rule 32 petition, Petitioner raised the following claims:

> (1) He received ineffective assistance of counsel at his revocation proceeding, as his attorney was not prepared.

(2) His attorney was ineffective for failing to request a continuance "to obtain evidence or review of [the] State['s] evidence as opposed to a record of conviction."

(3) He was denied due process because no warrant was ever issued for his arrest by the court or the probation officer.  He was arrested for a misdemeanor offense on August 18, 2006, and later convicted and sentenced to serve 10 days in jail and assessed a $300 fine, he did not have counsel, and no witnesses were called on his behalf.

(4) Petitioner was only provided with a copy of the delinquency report at his probation revocation proceeding.

(5) The State only provided hearsay evidence against him.

(6) He was denied due process because only a certified copy of the municipal conviction was evidence against him; the probation officer offered no evidence that he violated probation; he was never arrested for a probation violation or informed of his right to counsel, and he maintained his innocence concerning the probation violations; and the municipal charge against him; he was also never provided with notice of the evidence to be used against him.

(7) Petitioner's probationary sentence expired on or around September 29, 2006, and he is being held after the expiration of the sentence.  Also, the court used an improper municipal court conviction to revoke his probation, because he was not represented by counsel.

(Doc. 12, Ex. A at 17-21).

Petitioner appealed the denial of his Rule 32 petition on December 14, 2007.  (Doc. 12,

Ex. A at 51-52).  In his appellate brief filed on March 25, 2008, Petitioner raised the following

claims:

(1) The trial court erred in allowing the State to introduce unverified evidence of his municipal court conviction when he was not represented by counsel at that proceeding.

(2) There was insufficient evidence to revoke his probation, as there were no witnesses or evidence to support claims.

7

> (3) He received ineffective assistance of counsel at the revocation proceeding.

(Doc. 61, Ex. OO at 10, 15-17).

The Alabama Court of Criminal Appeals initially dismissed Petitioner's appeal on June 16, 2008, after discovering that Petitioner had not paid the filing fee when he filed his Rule 32 post-conviction petition, nor had the circuit court granted Petitioner *in forma pauperis* status, before it denied the petition. (Doc. 48, Ex. N). The circuit court granted *in forma pauperis* status, but it was after it had ruled on the petition. (Id.). As a result, the circuit court did not have jurisdiction to rule on the post-conviction petition. (Id.). The Alabama Court of Criminal Appeals determined that "[b]ecause the circuit court's order purporting to deny the petition was void, the appellant did not have a right to an appeal from that order." (Doc. 48, Ex. N at 1).

Subsequently, a hearing on Petitioner's Rule 32 petition was held in the circuit court on March 4, 2010. (Doc. 61, Ex. QQ-2 at 71-89). During the hearing, the following arguments were raised:

> (1) Petitioner was without counsel in the municipal court conviction. (Id. at 74, 81-82).
>
> (2) Petitioner was denied the effective assistance of counsel at his probation revocation proceeding. (Id. at 74-78).
>
> (3) Petitioner was denied due process, as a warrant for his arrest was never issued by the municipal court, or by the probation officer. (Id. at 78-80).
>
> (4) Petitioner's probation was revoked solely on hearsay evidence. (Id. at 80).
>
> (5) Petitioner is being held in custody after his sentence has expired. (Id. at 82-85).

> (6) There was a "considerable variance" between the charge against Petitioner in the original sexual abuse case, and the proof actually offered at trial, and the evidence was insufficient to convict him in 2003.  (Id. at 85-88).

> (7) Petitioner has received no post-conviction discovery.  (Id. at 89).

(Id. at 71-89).

On March 22, 2011, the circuit court denied the petition.  (Doc. 48, Ex. O, Ex. P at 3; Doc. 61, Ex. QQ-1 at 5, Ex. QQ-2 at 7).

Petitioner appealed the denial of his Rule 32 petition, and his appellate brief was initially due on December 16, 2011.  (Doc. 61, Ex. S, T).  Petitioner filed a motion to supplement the record in the trial court on November 28, 2011.  (Doc. 61, Ex. U).   In his motion to supplement, Petitioner requested:

> Any and all proceedings that were reported in this case, to include Court Reporter's transcript Records CC-03-0035, July 14, 2003 – Trail (sic) proceedings, Date of Judgment/Sentence Order, Jury Instruction, Reference Criminal Appeal Number CR-2002-1935, and all Clerk's records leading To the Post-Conviction Petition (Rule 32) filed CC-03-035.60, September 18, 2007 the matter of Actual Innocence claim has been filed, as a part of grounds for relief in these Post-Conviction Petition (Rule 32) proceedings.

(Id.).

The Alabama Court of Criminal Appeals ordered that the trial court dispose of the motion to supplement by December 27, 2011, and stayed the briefing schedule.  (Doc. 61, Ex. V).  Petitioner also filed a motion to supplement the record with the Alabama Court of Criminal Appeals on January 9, 2012, requesting the same documents.  (Doc. 61, Ex. W).  This motion was denied by the Alabama Court of Criminal Appeals on January 18, 2012.  (Doc. 61, Ex. X).

The court ordered Petitioner to file his brief by February 1, 2012.  (Id.).  Petitioner filed a motion to supplement the record with the Alabama Supreme Court on January 28, 2012.  (Doc. 61, Ex. Y).  That court denied the motion on February 13, 2012.  (Doc. 61, Ex. Z).  Subsequently, on February 14, 2012, the Alabama Court of Criminal Appeals ruled that Petitioner's brief was overdue, and gave him until February 28, 2012 to file a brief.  (Doc. 61, Ex. AA).

Petitioner again filed a motion to supplement the record in the Alabama Supreme Court on February 16, 2012.  (Doc. 61, Ex. BB).  Then, on February 27, 2012, Petitioner filed a writ of mandamus with the Alabama Supreme Court because the courts had failed to supplement the record.  (Doc. 61, Ex. CC).  The Alabama Supreme Court struck the writ for failure to comply with appellate procedure rules on March 5, 2012.  (Doc. 61, Ex. DD).  The Alabama Court of Criminal Appeals dismissed Petitioner's appeal for failure to file a brief on March 8, 2012. (Doc. 61, Ex. EE).  The Court of Criminal Appeals recalled its certificate of judgment on March 22, 2012.  (Doc. 61, Exs. FF).  Petitioner filed an application for rehearing, which was denied by the Alabama Court of Criminal Appeals on March 22, 2012.  (Doc. 61, Exs. GG, HH).  On April 23, 2012, Petitioner filed another writ of mandamus with the Alabama Supreme Court.  (Doc. 61, Exs. II, JJ).  The Alabama Court of Criminal Appeals issued its certificate of judgment concerning the dismissal of Petitioner's appeal on April 26, 2012.  (Doc. 61, Ex. KK).  Petitioner moved to amend his April 23 mandamus petition with the certificate of judgment on May 1, 2012.  (Doc. 61, Ex. LL).  The Alabama Supreme Court struck Petitioner's April 23 mandamus petition on May 1, 2012.  (Doc. 61, Ex. MM).  The record appears to reflect that Petitioner again mailed a writ of mandamus to the Alabama Supreme Court on May 10, 2012, but the petition

10

appears to be the same as that dated April 23, 2012, with the addition of the certificate of judgment from the Alabama Court of Criminal Appeals.  (Doc. 61, Ex. NN).  It appears that the petition was delivered on April 24, 2012.  (Id. at 9).  Therefore, the same petition appears to have been denied on May 1, 2012.  (Doc. 61, Ex. MM).

REMAND FROM ELEVENTH CIRCUIT

This Court originally determined that Petitioner's federal habeas petition was untimely, using the date that the misdemeanor conviction became final for its calculations.  The Eleventh Circuit remanded this action, stating "[i]nstead of focusing on the misdemeanor conviction, the district court should have focused on the Circuit Court's order revoking Green's probation and its reimposition of the ten-year sentence."  Green v. Price, 439 Fed. Appx. 777, 783 (11th Cir. 2011).  The Eleventh Circuit vacated the order dismissing Green's §2254 petition as untimely and remanded  "for further consideration of whether Green's §2254 petition was timely filed as to the Circuit Court's September 21, 2006 order revoking probation and reimposing the ten-year sentence."  Id.  The Court advised that "[o]n remand, the parties should be allowed to fully brief the statute of limitations issue with respect to the Circuit Court's order and to raise any other pertinent issues or defenses, including exhaustion."  Id.

DISCUSSION

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners.  See Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003).  Section 2254 was amended by the Antiterrorism and Effective Death

11

Penalty Act ("AEDPA"), which became effective April 24, 1996.  Id. at 890.  Since Petitioner

filed his petition on March 3, 2009, this case is governed by AEDPA.

TIMELINESS OF PETITION

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas

corpus remedy must file his federal petition within one year of the "conclusion of direct review

or the expiration of the time for seeking such review."  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of –
>
>> (A) the date on which the judgment became final by
>> the conclusion of direct review or the expiration
>> of the time for seeking such review;
>> (B) the date on which the impediment to filing an
>> application created by State action in violation
>> of the Constitution or laws of the United States
>> is removed, if the applicant was prevented from
>> filing by such State action;
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>> (D) the date on which the factual predicate of the
>> claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

12

On September 21, 2006, Petitioner's probation was revoked by the Dallas County Circuit Court.  (Doc. 12, Ex. B at 8, 61).  Under Rule 4(b)(1) of the Alabama Rules of Appellate Procedure, Petitioner had 42 days to appeal the revocation of his probation, or until November 2, 2006, to file an appeal.  Petitioner did not file an appeal.  (Doc. 12, Ex. A at 6).  Petitioner's one-year period under Title 28 U.S.C. § 2244(d)(1) began on November 2, 2006.  Petitioner filed his Rule 32 petition on September 24, 2007; 341 days had passed. (Doc. 12, Ex. A at 3).  The record does not reflect when Petitioner mailed the Rule 32 petition, but he dated the petition on September 18, 2007.  (Doc. 12, Ex. A at 12).

On November 6, 2007, the circuit court denied Petitioner's Rule 32 petition.  (Doc. 12, Ex. A at 40).  The order was filed on November 7, 2007.  (Id.).  Petitioner appealed, and the Alabama Court of Criminal Appeals initially dismissed Petitioner's appeal on June 16, 2008, because Petitioner had not paid the filing fee when he filed the post-conviction petition, nor had the circuit court granted Petitioner *in forma pauperis* status, before it denied the petition.  The circuit court granted *in forma pauperis* status, after it ruled on Petitioner's petition.  Thus, the circuit court did not have jurisdiction to rule on the petition.  The petition, therefore, remained in circuit court awaiting the court's decision, which would now properly occur after the *in forma pauperis* status had been granted.  (Doc. 48, Ex. N and footnote 1).

The Circuit court denied the Rule 32 petition on March 22, 2011.  (Doc. 48, Ex. O, Ex. P at 3; Doc. 61, Ex. QQ at 5, 60).  Petitioner appealed the denial of the petition (Doc. 61, Ex. QQ at 51-53), but did not file an appellate brief as ordered by the Alabama Court of Criminal

13

Appeals.  (Doc. 61, Ex. AA, Ex. EE).  A certificate of judgment issued on April 26, 2012.  (Doc. 61, Ex. KK).

The Rule 32 petition tolled the one-year limitations period for the filing of the 2254 motion.  Petitioner filed his federal habeas petition on February 23, 2009, (doc. 1 at 13) *prior to* the valid completion of the Rule 32 petition.  Thus, as the limitations period was tolled through the date of the valid ruling by the state court, Petitioner's federal habeas petition is timely.  However, this determination does not end the court's inquiry.

### EXHAUSTION and PROCEDURAL BAR

Federal habeas review of a petitioner's claim is typically precluded when the petitioner procedurally defaulted on or failed to exhaust the claim in state court. Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010). Procedural bar occurs when a petitioner's failure to comply with state procedures provides an "independent and adequate" basis for the state court's decision. A failure to exhaust occurs, in turn, when a petitioner has not "fairly present[ed]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam) (quotation omitted).

An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state-court remedies.  28 U.S.C. § 2254(b); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489 (1973).  Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the

14

remedies available in the court of the State …, if he has the right under the law of the State to raise, by any available procedure, the question presented."  *See also* <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1157 (11th Cir. 2005)(untimely filing does not satisfy exhaustion requirement, else "prisoner could evade the exhaustion requirement" by filing petition late or not at all)(*citing* <u>Marsh v. Jones</u>, 53 F.3d 707, 710 (5th Cir. 1995)); <u>Singleton v. Dept. of Corrections</u>, 323 Fed.Appx. 783, 784 (11th Cir. 2009) (in PLRA claim, "prisoners must timely meet the deadlines or the good cause standard of [State's] administrative grievance procedures before filing a federal claim."

Several courts analyze such claims by holding that the plaintiff's state remedies are "exhausted," in that they are no longer available to the plaintiff, but applying the procedural bar doctrine to prevent those claims from being considered on the merits in federal court.  *See, e.g.*, <u>Quiles v. Mitchell</u>, 1999 WL 994001 (6th Cir.); <u>Lines v. Larkins</u>, 208 F.3d 153, 160 and n. 9 (3rd Cir. 2000).  Under either approach, the result is that untimely filing for state remedies precludes consideration of those claims on federal habeas review under 28 U.S.C. §2254.

Upon remand of the court's order finding the petition untimely, the state moved for a stay to allow petitioner to exhaust his state remedies.  (Docs. 48)  As reflected in the supplemental filings submitted by the State (docs. 60), petitioner failed to fully exhaust his state remedies. Specifically, petitioner's state Rule 32 petition remained pending in the Circuit Court.<sup>5</sup>  The

---

<sup>5</sup> The Alabama Court of Criminal Appeals dismissed his appeal from the denial of his Rule 32 petition because petitioner had failed to pay the filing fee or to be granted in forma pauperis status; the Court held that the denial of the Rule 32 petition by the Circuit Court was (Continued)

Circuit Court denied Green's Rule 32 petition on December 16, 2011, and he filed a timely

Notice of Appeal.  The Court of Criminal Appeals set December 16, 2011, as the deadline for

petitioner to file his appellate brief.  Green filed a motion to supplement the record on November

28, 2011, seeking additional transcripts and records from the Circuit Court; the Court of Criminal

Appeals ordered the trial court to handle the order by December 27, 2011, and stayed the briefing

on the appeal.  It does not appear that the Circuit Court ruled on the motion by the deadline, and

petitioner filed a motion to supplement with the Court of Criminal Appeals on January 9, 2012.

The appellate court denied the motion and ordered petitioner to file his appellate brief by

February 1, 2012.  Petitioner instead filed a Motion to Supplement with the Alabama Supreme

Court on January 28, 2012.  That Court denied the motion on February 13, 2012.  The Court of

Criminal Appeals entered an order on February 14, 2012, finding petitioner's brief was

delinquent and allowing him to file no later than February 28, 2012.  Again, petitioner failed to

comply with the briefing deadline and instead filed another motion to supplement in the Alabama

Supreme Court on February 16, 2012, as well as a writ of mandamus in the Supreme Court on

February 27, 2012.  The Supreme Court denied the writ on March 5, 2012 and, on March 8,

2012, the Court of Criminal Appeals dismissed the appeal for failure to file a brief.  Green filed

---

done without jurisdiction because petitioner had not been granted IFP status at the time of the
ruling.  Thus, the petition remained pending in the Circuit Court.

another writ of mandamus with the Supreme Court on April 26, 2012.[6]  The Supreme Court

struck that mandamus petition by order dated May 1, 2012.[7]  This court lifted the stay (doc. 57)

on proceedings by order June 27, 2012.

When this habeas petition was originally considered, petitioner argued that his failure to

exhaust his remedies was due to an error in mailing his notice of appeal of the Rule 32 petition.

That issue is made moot by the decision of the Court of Criminal Appeals remanding the Rule 32

petition and the Circuit Court's subsequent order denying that petition.[8]

Green's failure to file a brief in his appeal from the denial of his Rule 32 petition to the

Court of Criminal Appeals means that no state remedies remain available to him.  Petitioner's

---

[6] The Court of Criminal Appeals entered its certificate of judgment three days after the new mandamus petition was filed, and Green filed a Motion to Amend the mandamus petition to reflect that judgment.

[7] Green alleges that he refiled the petition for writ of mandamus on May 10, 2012, but as noted by respondents, doc. 60 at 8, it appears that the copy he has proffered to this court is identical to the earlier petition and was delivered to the Supreme Court prior to the May 1 order striking it.

[8] Petitioner is not the first person to attempt to avoid the exhaustion requirement because he missed one or more state filing deadlines because he mailed the document to the wrong address.  In Payne v. Miner, 2011 WL 3607276, *2 (E.D. N.C. Aug. 16, 2011), the petitioner argued that his mailing of a grievance to the wrong address should be deemed "cause and prejudice" for his failure to exhaust prison remedies for his §1983 claim.  The District Court rejected that argument, finding that such delays were not 'outside the control' of the petitioner.  Id. (citing Beckford v. Martinez, 408 Fed. App'x 518, 520 (3rd Cir. 2010) (denial of grievance appeal as untimely does not constitute cause and prejudice without a showing of cause for his procedural default).  Similarly, in a Federal Tort Claims Act case, the District Court for the Middle District of Georgia held that a plaintiff failed to exhaust his remedies before the Department of Health and Human Services, despite his claim that the untimely filing of his claim was due to mailing it to the wrong address.  Eaton v. Medlink Georgia, Inc., 2008 WL 5191842 (M.D.Ga. December 11, 2008).

17

intentional failure to file a brief in his appeal means that he did not give the state courts a full

opportunity to consider his arguments and thus constitutes procedural default.   Frazier v.

Bouchard, 661 F.3d 519 (11th Cir. 2011) (where habeas petitioner has failed to exhaust state

remedies and they are no longer available, failure is procedural default which bars habeas relief

unless he shows cause and prejudice or fundamental miscarriage of justice).

<u>PROCEDURAL DEFAULT: CAUSE AND PREJUDICE</u>

A petitioner may overcome a procedural default in one of two ways. First, he may

overcome the procedural bar by showing "cause" for the default and "prejudice attributable

thereto." Murray v. Carrier, 477 U.S. 478, 485 (1986). Second, in an "extraordinary" case, a

federal court may consider a procedurally defaulted claim in the absence of a showing of cause

for the procedural default where a fundamental miscarriage of justice has " 'probably resulted in

the conviction of one who is actually innocent .' " Smith v. Murray, 477 U.S. 527, 537 (1986)

(*quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986)). In this context, " '[a]ctual innocence'

means factual innocence, not mere legal innocence." Lynn v. United States, 365 F.3d 1225, 1235

n. 18 (11th Cir.) ( per curiam ) (citation omitted), cert. denied, 543 U.S. 891 (2004).

In Maples v. Thomas, 132 S.Ct. 912 (2012) the United States Supreme Court described

the cause and prejudice standard, in pertinent part, as follows:

> As a rule, a state prisoner's habeas claims may not be entertained by a
> federal court "when (1) 'a state court [has] declined to address [those] claims
> because the prisoner had failed to meet a state procedural requirement,' and (2)
> 'the state judgment rests on independent and adequate state procedural grounds.' "
> Walker v. Martin, 562 U.S. ——, ——, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62
> (2011) (quoting Coleman, 501 U.S., at 729–730, 111 S.Ct. 2546). The bar to
> federal review may be lifted, however, if "the prisoner can demonstrate cause for
> the [procedural] default [in state court] and actual prejudice as a result of the

alleged violation of federal law." <u>Id.</u>, at 750, 111 S.Ct. 2546; *see* <u>Wainwright v. Sykes</u>, 433 U.S. 72, 84–85, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).  …Cause for a procedural default exists where "something external to the petitioner, something that cannot fairly be attributed to him[,] ... 'impeded [his] efforts to comply with the State's procedural rule.' " <u>Coleman</u>, 501 U.S., at 753, 111 S.Ct. 2546 (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); emphasis in original).

132 S.Ct at 922.

A petitioner's own ignorance of the law and state procedures does not establish cause for a procedural default. <u>Harmon v. Barton</u>, 894 F.2d 1268, 1275 (11th Cir.1990). Rather, cause ordinarily turns on an objective factor external to the petitioner. *See* <u>Murray</u>, 477 U.S. at 488.  In this case, petitioner Green's appeal from the denial of his Rule 32 petition was stricken for failure to file his brief in the state court of appeals, and as a result the state courts have not had the opportunity to address the issues raised in this petition.  The failure to file a brief was completely within the petitioner's control, and does not qualify as 'cause' under the applicable standard.

Petitioner Green also argues that he is actually innocent of the charges against him.  The actual innocence standard is strict and its application exceedingly rare.  To show actual innocence of the crime of conviction, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of the new evidence of innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995); McKay v. U.S., 657 F.3d 1190, 1197-98 (11th Cir. 2011).  Other than offering his own allegation—raised in the state court trial on this charge—that he did not do that of which he was convicted, petitioner has not demonstrated actual, factual innocence of the misdemeanor charge.  That is not sufficient.

19

Accordingly, his claims remain procedurally barred, and the petition is due to be denied on that basis.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2).  Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes

20

showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); *accord* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

None of Petitioner's claims warrants the issuance of a Certificate of Appealability in this case.  For the reasons discussed above with respect to Petitioner's claims, reasonable jurists could not debate whether any of his claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits.  The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented.  It is thus recommended that the Court deny any request for a Certificate of Appealability.  Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is likewise due to be denied.[9]

---

[9] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915.  An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs., Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").  An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).  For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. (Continued)

CONCLUSION

Based on the foregoing, it is the opinion of the undersigned Magistrate Judge that Petitioner is not entitled to consideration of his defaulted claims.  Therefore, it is RECOMMENDED that Petitioner's petition for a writ of habeas corpus be denied, that this action be dismissed, and that judgment be entered in favor of the Respondents, Cheryl Price and Troy King, and against the Petitioner, Michael J. Green.  It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 11ᵗʰ day of December, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

22

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[10]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).